UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:    JANET LEIGH SYDNOR    :    Chapter 13
:
Debtor    :
:    Bky. No. 16-16384 ELF

# M E M O R A N D U M

**I.**

Presently before the court is the Debtor's Objection to Proof of Claim No. 5 of PECO Energy Company ("the Objection"). The claim is in the amount of $11,024.22. In the Objection, the Debtor asserts that the claim should be disallowed in whole or in substantial part because, under applicable nonbankruptcy law, the statute of limitations has expired or, alternatively, the Debtor is not liable for a significant portion of utility service bill upon which the claim is based.

For the reasons explained below, the Objection will be overruled and the claim will be allowed in its entirety.

**II.**

The Debtor filed the Objection on March 15, 2017. A hearing on the Objection was held on May 23, 2017. Neither party presented any witnesses. The only evidence offered by the Debtor was a written decision of the Pennsylvania Public Utility Commission issued by an administrative law judge, <u>Sydnor v. Pa. Pub. Util. Comm'n</u>, No. C-2013-2398953 (Pa. P.U.C. June 26, 2015) ("the PUC Decision").

At the conclusion of the hearing, a schedule for post-hearing memoranda was established at parties' request. PECO Energy Company ("PECO") filed a memorandum in support of its

position on June 6, 2017. The Debtor did not submit a memorandum.

### III.

Under the Bankruptcy Code, a proof of claim "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. §502(a). If there is an objection, the parties' shifting burdens play a key role in the determination whether the claim will be allowed.

The Federal Rules of Bankruptcy Procedure provide that a proof of claim filed in accordance with the rules establishes the prima facie validity of the claim. See Fed. R. Bankr. P. 3001(f). When a claim is filed in accordance with Rule 3001(f) and alleges facts sufficient to support the legal liability asserted, the claimant's initial obligation to go forward and burden of proof are satisfied. See In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992); In re Henry, 546 B.R. 633, 634-35 (Bankr. E.D. Pa. 2016). Thus, a proof of claim conforming to the rules of court serves as both a pleading and as trial evidence, even in the face of an objection to the claim. See In re O'Brien, 440 B.R. 654, 664 & n.14-15 (Bankr. E.D. Pa. 2010).

Once the claimant has made out a prima facie claim, the burden of production shifts to the objector to negate the claim's prima facie validity. The objector must offer evidence that refutes at least one of the allegations essential to the claim's legal sufficiency to meet that burden of production. If the objector fails to do so, the claim will be allowed. However, the ultimate burden of persuasion rests with the claimant. See, e.g., Henry, 546 B.R. at 634-35.

In this matter, the Debtor does not assert that PECO's proof of claim failed to satisfy the requirements of the Federal Rules of Bankruptcy Procedure. Thus, the claim is prima facie allowable and the Debtor has the burden of producing some evidence negating the claim.

## IV.

Based on the Debtor's representations in the Objection and in court, as well as the findings of the PUC Decision, the following facts are not in dispute.

PECO's claim is based on utility service provided at two (2) addresses: 7134 Seaford Road, Upper Darby, PA 19082 ("Seaford Road") and 6685 Church Lane ("Church Lane").

The Debtor's son opened the Seaford Road account in May 2006. It remained in his name until February 26, 2012. On February 27, 2012, the next day, the Debtor became the primary customer on the Seaford Road account. The Debtor entered into a payment agreement with PECO in March 2012, requiring her to pay $1,378.75 per month plus the current bill. Based on the necessity of entering into that payment agreement, I infer that when the Debtor applied for service at Seaford Road, PECO transferred the balance due on her son's account to the Debtor's Seaford Road account. I will refer to that amount as "the Son's Seaford Road Balance."

On July 31, 2012, the Debtor opened a second PECO account for utility service at Church Lane. The Seaford Road account was closed in September 2012. On October 8, 2012, PECO transferred the final balance on the Seaford Road account, $8,440.28, to the Debtor's Church Lane account. The Debtor disputes her liability for this $8,440.28.[1]

On December 23, 2013, the Debtor filed a complaint with the Pennsylvania Public Utilities Commission ("the PUC") asserting that: (1) she was not responsible for the Son's Seaford Road

---

[1] I infer that the $8,440.28 was comprised of the Son's Seaford Road Balance and perhaps some additional amount that was incurred after the Debtor opened her account at Seaford Road on February 27, 2012. Thus, to the extent that the Debtor disputes the entire $8,440.28, that objection likely is overbroad. Since, the objection is being overruled in toto, I need not determine with greater precision how much of the final unpaid service at Seaford Road accrued before the Debtor became the record customer there.

Balance and (2) she had not been offered appropriate payment arrangement terms on her undisputed liability. However, prior to the P.U.C. hearing, the Debtor withdrew her complaint regarding the Son's Seaford Road Balance and limited her dispute to the payment arrangement issue.[2]

## V.

### A.

I will address the Debtor's contentions in reverse order, first considering the challenge to her actual liability and then addressing the statute of limitations defense.

The Debtor's theory in contesting her liability to PECO is based on the undisputed fact, established at the hearing, that the account balance transferred from Seaford Road to Church Lane was largely comprised of the Son's Seaford Road Balance. See n.1, supra. To determine whether this evidence is sufficient to meet the Debtor's burden of production, it is necessary to consider Pennsylvania law.

The Pennsylvania Public Utility Code defines "customer" as

> A natural person in whose name a residential service account is listed and who is primarily responsible for payment of bills rendered for the service or **any adult occupant whose name appears on the mortgage, deed or lease** of the property for which the residential utility service is requested.

66 Pa. C.S. §1403 (emphasis added).

The regulations of the Public Utility Commission ("the PUC") also define customer as including "an adult occupant whose name appears on the mortgage, deed or lease of the property

---

[2] In its post-hearing Memorandum, PECO asserts that to the extent the Debtor's Objection disputes her liability for the Son's Seaford Road Balance, the Objection should be overruled based on the PUC Decision and the doctrine of res judicata. I doubt that res judicata is applicable in this matter, but it is unnecessary to determine that issue because I am overruling the Objection on other grounds.

for which residential utility service is requested." 52 Pa. Code § 56.2.[3]

When the Debtor applied for service at Seaford Road, it appears that PECO conditioned her status as a new customer upon the transfer of the Son's Seaford Road Balance to her new account.  The precise issue raised by the Debtor is whether it was permissible for PECO to transfer the Son's Seaford Road Balance to her account when she opened her account at Seaford Road.[4]

The PUC regulations provide support for PECO's position.  52 Pa. Code §56.35 states:

> (a) A public utility **may require, as a condition of the furnishing of residential service** to an applicant, the payment of any outstanding residential account with the public utility which **accrued within the past 4 years for which the applicant is legally responsible** and for which the applicant was billed properly.
>
> (b) A public utility **may not require, as a condition of the furnishing of residential service**, payment for residential service previously furnished under an account in the name of a person other than the applicant, **except** as provided for in paragraphs (1) and (2).
>
>> (1) A public utility may require the payment of an outstanding balance or portion of an outstanding balance **if the applicant resided at the property for which service is requested** during the time the outstanding balance accrued and for the time the applicant resided there, not exceeding 4 years from the date of the service request. The 4-year limit does not apply if the balance includes amounts that the

---

[3] The statute and the PUC regulations define the term "applicant" in the same terms, as including "any adult occupant whose name appears on the mortgage, deed or lease of the property for which the residential utility service is requested."

66 Pa. C.S. § 1403; 52 Pa. Code § 56.2.

[4] If it was proper for PECO to condition the opening of the Debtor's account at Seaford Road upon her acceptance of liability for the Son's Seaford Road Balance, there would not appear to be any reason to question PECO's subsequent transfer of the Son's Seaford Road Balance to the Debtor's Church Lane account.

>   utility was not aware of because of fraud or theft on the part of the applicant.
>
>   (2) A **public utility may establish that an applicant previously resided at a property for which residential service is requested through the use of mortgage, deed or lease information**, a commercially available consumer credit reporting service or other methods approved as valid by the Commission. . . .

(emphasis added).[5]

To summarize, on its face, 52 Pa. Code §56.35(b) authorizes PECO to condition the furnishing of service if either: (1) the applicant was legally responsible for the bill as a customer or (2) the applicant resided at the property at which service is requested while the prior bill accrued. In reported administrative adjudications, the PUC has applied the plain language of 52 Pa. Code §56.35.  See Smith v. PECO Energy Co., 2017 WL 1406779, at *7-8 (Pa. P.U.C. Mar. 28, 2017); Smith v. Phila. Gas Works, 2016 WL 6579029, at *4 (Pa. P.U.C. Oct. 11, 2016); see also Wise v. PPL Electric Util. Corp., 2013 WL 3754373, at *3 (Pa. P.U.C. June 28, 2013) (finding that complainant was not liable for debt accrued while incarcerated and not residing at service address).[6]

---

[5] I note that 52 Pa. Code §56.35(b)(1) is broader in scope than the definition of customer in 66 Pa. C.S. §1403 and 52 Pa. Code §56.2.  52 Pa. Code §56.35 lacks the requirement that the name of the occupant be on the deed, mortgage or lease.  Instead, §56.35(b)(2) refers to the deed, mortgage and lease merely as sources of evidence for the determination whether the applicant was an occupant and therefore subject to subsection (b)(1).  I do not consider the significance, if any, of this distinction because the distinction is not material to the outcome of this contested matter.

[6] To the extent that the PUC relies on its authority under its regulations, the Debtor has not challenged PECO's theory of liability.  For example, the Debtor has not argued that the broad definition of "customer" in 66 Pa. C.S. §1403 is not intended to impose liability on an individual who is not the "record customer" based solely on the individual's occupancy of the property receiving utility service and the fact that his or her name is on the deed, mortgage or lease of the property.  Nor has the Debtor suggested that
(continued...)

Presumably, PECO invoked §56.35 when the Debtor requested service in her own name at Seaford Road in February 2012.

**B.**

In this contested matter, in which PECO's proof of claim is <u>prima facie</u> valid, the Debtor was obliged to produce evidence that PECO's action was not authorized by 52 Pa. Code §56.35.

To meet her burden of production, the Debtor needed to offer evidence that she did not reside at that property for some or all of the four (4) year period preceding her application for customer status at Seaford Road, see 52 Pa. Code §56.35 (and possibly also that her name was not on the deed, mortgage or lease for the property, see 66 Pa. C.S. §1403; 52 Pa. Code § 56.2). The Debtor produced no evidence regarding these material facts. Therefore, she did not meet her burden of production in contesting the allowance of PECO's claim and her objection on this ground must be overruled.

**VI.**

If a claim is time-barred under applicable nonbankruptcy law when a bankruptcy case is commenced a proof of claim based on that claim will be disallowed upon objection by a party in interest. <u>See, e.g.</u>, <u>In re Keeler</u>, 440 B.R. 354, 360 (Bankr. E.D. Pa. 2009).

---

⁶(...continued)
52 Pa. Code 56.35(b)(1), which imposes liability on even broader terms than 66 Pa. C.S. 1403's definition of customer, (because it does not require that the adult's name be on the deed, mortgage or lease), exceeds the PUC's regulatory authority. Consequently, to the extent, if any, that these potential defense theories have any merit, the arguments were waived.

In this case, the Debtor's objection based on the expiration of the statute of limitation is based on the theory that her disputed liability for service provided at Church Lane arose in February 2012, more than four (4) years before her September 2016 bankruptcy filing. Therefore, according to the Debtor, Pennsylvania's four (4) year statute of limitations expired, requiring disallowance of PECO's claim. See 42 Pa. C.S. §5525.

The Debtor's theory is flawed because there is ample evidence that the statute of limitations has not expired by virtue of the acknowledgment doctrine.

The acknowledgment doctrine provides that the statute of limitations recommences upon the unequivocal promise to pay or an actual payment. E.g., In re David Cutler Indus., Ltd., 502 B.R. 58, 77 (Bankr. E.D. Pa. 2013) (citing authorities).

In this case, three (3) facts coalesce to make the acknowledgment doctrine applicable.

First, the Son's Seaford Road Balance was transferred to the Debtor's own PECO account at Seaford Road (and later re-transferred to the Debtor's Church Lane PECO account) and has been included in the Debtor's account statements since 2012. Thus, the Debtor has had one (1) PECO account for over five (5) years, which included the Son's Seaford Road Balance.

Second, the Debtor acquiesced to the consolidation of the Seaford Road and Church Lane accounts in the PUC proceedings in 2015. The Debtor acknowledged her liability by withdrawing that portion of her PUC complaint relating to the imposition of her liability for the Son's Seaford Road Balance. She contests that liability now, but even if she is not bound by her action in accepting her liability in 2015, there is nothing in the record to suggest that her acceptance of the liability was anything other than unequivocal.

Third, based on the account records attached to PECO's proof of claim, there is no

dispute that the Debtor made payments on the consolidated account as recently as September 25, 2016, less than one (1) year before commencing this bankruptcy case.

These facts together establish that the Debtor made a payment sufficient to recommence the statute of limitations pursuant to the acknowledgment doctrine well within the four (4) year limitations period. As a result, the Debtor's statute of limitations objection is without merit.

### VII.

For the reasons set forth above, the Debtor's Objection to PECO's proof of claim will be overruled.

Date: July 13, 2017

ERIC L. FRANK
CHIEF U.S. BANKRUPTCY JUDGE